IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01176-DME-KMT

DARIS K. ZAVERTNIK,

      Plaintiff,

v.

T. MISEL,
CHARLES OLIN, and
LARRY HOFFMAN,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves a claim that Defendants violated Plaintiff's due process rights in

violation of the Fourteenth Amendment in labeling him as a sex offender. This matter is before

the court on the Defendants' "Motion to Dismiss" (Doc. No. 20) filed October 1, 2007, and

"Plaintiff's Motion for Preliminary Injunction" (Doc. No. 33) filed November 9, 2007.

Jurisdiction is premised on 42 U.S.C. § 1983 (2007).

### FACTUAL BACKGROUND

*1.    Facts*

      The following facts are taken from Plaintiff's Complaint and the parties' submissions

with respect to this Recommendation. Plaintiff has named as Defendants T. Misel, Charles Olin,

and Larry Hoffman, all Colorado Department of Corrections [hereinafter "DOC"] employees

who were members of the administrative review panel which labeled Plaintiff a sex offender. (Compl. at 2.) On March 16, 2004, Plaintiff pleaded guilty to possession of a controlled substance and failure to display proof of insurance. (*Id.* ¶ 8.) He was sentenced to five years' incarceration plus three years' mandatory parole. (*Id.*) Plaintiff has never been formally charged with, prosecuted for, or convicted of a sex offense. (*Id.* ¶ 9.) Following his sentencing, he was incarcerated in the DOC. (*Id.* ¶ 10.) Plaintiff states upon his entry into the DOC, he underwent an initial evaluation and subsequently was determined to be illiterate. (*Id.*) At some point, Plaintiff learned that he had been classified as an "S-4T" sex offender as defined by DOC Administrative Regulation 700–19. (*Id.* ¶ 12.) "S-4T" offenders are those who have a history of sexual assaults for which they may not have been convicted. (*Id.*) Plaintiff states he did not receive a due process hearing prior to being designated a sex offender. (*Id.* ¶ 13.) Plaintiff contacted various departments in an effort to remove his designation and was informed that he must receive a due process hearing. (*Id.* ¶ 14.)

Plaintiff was advised by a therapist that his designation was based upon police reports from the City of Boulder Police Department and the Boulder County Jail. (*Id.* ¶ 15.) Plaintiff asserts that, due to his illiteracy, he had extreme difficulty in reading and comprehension, and he asked the therapist to read the documents to him and to provide him with a copy of the reports. (*Id.* ¶ 16.) On December 15, 2005, Plaintiff was served with a "Notice of Administrative Review" [hereinafter "Notice"] giving him the opportunity for a hearing and advising him of the facts upon which a sex offender designation may be based. (*Id.* at 26) The Notice provided that at the hearing Plaintiff would be able to call witnesses and present documentary evidence. (*Id.*)

2

The Notice also stated Plaintiff may request and be assisted by a DOC staff person if deemed

appropriate by the Administrative Review Panel. (*Id.*) Plaintiff completed and submitted a

"Administrative Review Request Form" in which he advised the DOC that he would require

thirty days to request and obtain documents for administrative review and that he would require

special services for the administrative review. (*Id.*) Plaintiff specifically noted that he cannot

read or write. (*Id.*) Plaintiff was notified that the administrative review panel would proceed on

January 18, 2006. (*Id.* ¶ 22.)

According to Plaintiff, he spoke to Defendant Hoffman, who was acting as his temporary

case manager, concerning the facts of the alleged sexual contact that was subject of the

administrative review. (*Id.* ¶ 24.) Defendant Hoffman advised Plaintiff that he needed to wait

until the administrative review to discuss the facts in question but did not advise Plaintiff that he

would be acting as part of the three-member panel. (*Id.*) The hearing took place as scheduled on

January 18, 2006. (*Id.* ¶ 25.) Defendants Misel, Olin, and Hoffman served as the three panel

members. (*Id.*) Despite Plaintiff's request for assistance by a DOC staff person, Plaintiff

received no assistance. (*Id.* ¶ 26.) Plaintiff was unable to read the Boulder police reports and

asked the Administrative Review Panel to read them to him. (*Id.* ¶ 27.) According to Plaintiff,

his request was declined by Defendant Olin, who stated the reports were "too long." (*Id.*)

Instead, select portions of the police reports were read, and then Plaintiff was asked to explain

what had happened. (*Id.* ¶)

Plaintiff asserts that his "illiteracy and mental capacity tend to make [him] easily

confused during times of stress." (*Id.* ¶ 28.) He states he informed the panel that he was unable

to recall specific details of how he had been cleared of the alleged sexual contact in question. (*Id.*) Plaintiff asserts as a result of his illiteracy, the panel's refusal to read the police reports to him, and the failure to provide the assistance of a DOC staff member, Plaintiff did not have adequate knowledge of the evidence being relied upon, nor did he comprehend the evidence to enable him to defend himself during the hearing. (*Id.* ¶ 30.) Therefore, Plaintiff maintains, he did not adequately comprehend the nature and extent of the procedural due process protections to which he was entitled or the implications of Defendant Hoffman's serving as a member of the panel. (*Id.* ¶ 31.) Plaintiff asserts he was denied the opportunity to be heard "in a meaningful manner" at the review hearing. (*Id.* ¶ 32.)

Following the hearing, Plaintiff received notice that he had been designated as a classified sex offender. (*Id.* at 30.) Plaintiff states that he suffers "stigmatizing consequences" of the designation, including being required as a condition of parole to participate in a mandatory sex offender treatment program, which requires offenders to waive their Fifth Amendment privilege against self-incrimination, to disclose all previous sexual behavior, and to undergo polygraph examinations concerning disclosures. (*Id.* ¶¶ 36–37.) Plaintiff alleges Defendants deprived him of his due process right to the opportunity to be heard in a meaningful manner and his liberty interest in avoiding the sex offender designation. (*Id.* ¶ 41.) Plaintiff seeks declaratory and injunctive relief. (*Id.* at 8.)

### 2. *Procedural History*

Plaintiff filed his Complaint on June 20, 2007. (Compl.) Defendant filed a motion to dismiss on October 1, 2007, arguing Plaintiff has failed to state a claim upon which relief can be

granted due to his failure to obtain a "favorable termination" of his sex offender classification in

the Colorado state courts prior to bringing this action. (Mot. to Dismiss. at 2–3.) On November

9, 2007, Plaintiff responded to the motion. (Pl.'s Resp. to Defs.' Mot. to Dismiss [hereinafter

"Resp."].) On November 23, 2007, Defendants replied in support of their motion. (Reply to

Resp. to Mot. to Dismiss [hereinafter "Reply"].)

On November 9, 2007, Plaintiff also filed a motion for preliminary injunction. (Mot. for

Prelim. Inj.) Defendants responded on November 28, 2007. (Resp. to Mot. for Prelim. Inj.)

Plaintiff did not file a reply.

These motions are fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his

pleadings and other papers liberally and hold[s] them to a less stringent standard than those

drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations

of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

However, a *pro se* litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106,

1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

*See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not

5

"supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 1. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). Prior to the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), dismissal of a complaint was appropriate only when it appeared the plaintiff could prove no set of facts in support of the claims that would entitle him to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). In *Bell Atlantic*, however, the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove

no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1.    *Motion to Dismiss*

Defendants assert that Plaintiff's claim of due process rights violations during his sex offender classification hearing "is essentially a challenge to prison administrative proceedings 'convicting' him of a sex offense." (Mot. to Dismiss. at 2.) Defendants state Plaintiff cannot bring a § 1983 action based on an invalid conviction or sentence unless the conviction or sentence has previously been invalidated. (*Id.*) A person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Supreme Court evaluated the applicability of *Heck* to § 1983 claims implicating prison disciplinary convictions in *Edwards v. Balislok*, 520 U.S. 641 (1997). In *Edwards*, a prisoner claimed he was denied an opportunity to present a defense in a prison disciplinary hearing, and that the hearing officer who heard the disciplinary case was biased, resulting in his conviction of a disciplinary violation and a corresponding loss of good time credits. *Id.* at 646–47. The prisoner brought a § 1983 claim alleging a due process violation and seeking monetary damages, a declaratory judgment that the procedures violated due process, and injunctive relief. *Id.* at 644. The Court found the nature of the prisoner's challenge implicated the invalidity of the disciplinary conviction and the deprivation of the prisoner's good time credits. *Id.* at 646. As a result, as in *Heck*, the Court held the prisoner stated no cognizable § 1983 claim unless and until the underlying disciplinary conviction was resolved in the prisoner's favor. *Id.* at 646-47.

However, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court rejected the notion that *Heck* applies categorically to all suits challenging disciplinary proceedings. Instead *Heck* bars a collateral attack on a prison disciplinary conviction only if the claim would result in a loss of good time credit or a collateral attack on the prisoner's underlying conviction. *Id.* The nature of Plaintiff's claims in this case produces neither result. Rather, Plaintiff's claim is that he had been unconstitutionally classified as a sex offender by the DOC without due process and in violation of the Fourteenth Amendment. Plaintiff's underlying sentence and conviction stems from violation of Colorado statutes which were not sex offenses. He was sentenced on March 16, 2004, to five years' incarceration plus three years' mandatory parole. He was then classified

8

as a sex offender. It is the procedure for classification, the actual classification, and the

implications of such classification which Plaintiff challenges. He does not challenge his

underlying convictions for drug possession or failure to display proof of insurance or the related

sentence. Defendants attempt to equate Plaintiff's due process claim to a challenge to prison

administrative proceedings "convicting" him of a sex offense. This is disingenuous. Plaintiff is

very clear in his Complaint and response to the motion to dismiss that his claim has nothing to

do with challenging prison disciplinary proceedings for the purpose of affecting his good time or

earned credits.

Pursuant to *Muhammad*, 540 U.S. at 751–752, the *Heck* doctrine is not implicated by

Plaintiff's claims, and this court has jurisdiction over them. Therefore, the court recommends

that Defendants' Motion to Dismiss be denied on these grounds.

## *2.     Motion for Preliminary Injunction*

Plaintiff moves for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). A party

seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there
> is a substantial likelihood the movant ultimately will prevail on the merits; (3) the
> threatened injury to the movant outweighs any harm the proposed injunction may
> cause the opposing party; and (4) the injunction would not be contrary to the
> public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must

found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

### a.      *Preliminary Injunction Order Not Binding on Parole Board*

A preliminary injunction is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with anyone upon whom a preliminary injunction would be binding.  Fed. R. Civ. P. 65(d) (2008).  Plaintiff states that "Defendants [have] altered the status quo between the parties by imposing stigmatizing and invasive residency restrictions and mandatory sex offense-specific treatment requirements as conditions to Plaintiff's parole. . . ."  (Mot. for Prelim. Inj. ¶ 2.)  Plaintiff alleges the newly-imposed restrictions and treatment requirements are based solely on his filing this civil suit and seeks a preliminary injunction "prohibiting Defendants, their successors, agents, employees, and all persons acting in concert with them" from 1) restricting Plaintiff's residence while on parole; 2) requiring Plaintiff to undergo sex offense-specific assessment(s), evaluation(s), and/or treatment as a condition of Plaintiff's parole; and 3) revoking or taking action against Plaintiff's status as a parolee.  (Mot. for Prelim. Inj. ¶ 2.)

Defendants assert that Plaintiff's motion seeks a preliminary injunction that is entirely directed at the conditions of his parole and that a preliminary injunction order would not be binding on the parole board.  (Resp. to Mot. for Prelim. Inj. at 4.)  Defendants cite several statutes and cases in support of their assertion, including Colo. Rev. Stat §§ 17–2–103; 17–2–201(4); 17–2–201(5)(f)(I); 17–22.5–403(8)(a); 17–22.5–404.  (*Id.* at 5.)  Defendants also state, citing *People v. Gallegos*, 975 P.2d 1135, 1138 (Colo. Ap. 1998), that the parole board and

DOC are separate entities in the Executive Branch. The court agrees that an order for

preliminary injunction would not be binding, and therefore would be unenforceable, on the

parole board, against whom the complaints regarding the parole conditions should be directed.

However, the court also will address the requirements a party seeking preliminary injunction

must meet.

### b. *Likelihood of Success on Merits*

Plaintiff, who had not previously been convicted of a sex offense, was entitled to certain

procedural protections before he could be classified as a sex offender. *See Gwinn v. Awmiller*,

365 F.3d 1211, 1218–1219 (10th Cir. 2005). The procedural protections to which Plaintiff was

entitled included (1) notice of the charges against him, (2) an opportunity to present a defense to

those charges, including presentation of witnesses and evidence, and (3) a written statement of

the evidence relied upon and the reasons for the action taken. *Id.* at 1219 (citing *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974)). In addition, due process requires that there be <u>some evidence</u>

on the record to support the action taken, and that the decision maker be impartial. *Id.* (emphasis

added.)

Plaintiff asserts he has a substantial likelihood of success on the merits in this action

because, as an illiterate offender, he had a clearly established right to assistance presenting his

defense during the administrative hearing. (Mem. of Law in Supp. of Pl.'s Mot. for Prelim. Inj.

at 10 [hereinafter "Mem.] [filed November 9, 2007].) Plaintiff further argues that the failure of

the DOC to provide assistance of DOC staff in presenting his defense was a denial of his due

process rights. (*Id.* at 11.)

Defendants contend that Plaintiff has not demonstrated that he has a substantial

likelihood of success on the merits. Defendant points out that Plaintiff has not provided any

documentation showing that he was cleared of the sexual offense at issue in the administrative

hearing. (Resp. to Mot. for Prelim. Inj. at 8.) Furthermore, Defendants assert, Plaintiff has not

established any evidence to support his claim of illiteracy or that his illiteracy prevented him

from adequately presenting evidence in his defense. (*Id.*) Moreover, Defendants argue, based

on the documents from the administrative hearing provided by Plaintiff in his Complaint, it

appears that Plaintiff's sex offender classification is based on "some evidence" in the record, and

that even if Plaintiff had been able to provide additional documents in his defense, the

documents would not result in the reversal of his classification as a sexual offender. (*Id.* at

9–10.) The court agrees with Defendants. As a preliminary injunction is an extraordinary

remedy, the Plaintiff has the burden of establishing that his right to relief is clear and

unequivocal. *Schrier*, 427 F.3d at 1258. The court is unable to say that Plaintiff has met this

heavy burden from its review of the Complaint alone.

### c.      *Irreparable Harm*

Plaintiff argues he will suffer irreparable harm by the imposition of two "stigmatizing

consequences," including prohibiting him from residing at his family's residence while on parole

due to its proximity to a school zone, rendering him homeless; and imposing a condition of

parole that he undergo sex-offense specific treatment. (Mem. at 12.) Plaintiff states he is unable

to afford his own residence and has been forced to reside at a homeless shelter. (*Id.* at 13.)

Plaintiff also avers that, as part of the sex offense-specific treatment, he will be required to

12

disclose his sexual history and to waive his Fifth Amendment privilege against self-incrimination in order to participate in the treatment. (*Id.*)

Defendants argue that Plaintiff is free to seek other residences away from school zones and other restricted areas. (Resp. to Mot. for Prelim. Inj. at 10.) In addition, Plaintiff may seek assistance from his parole officer in locating an approved residence and finding employment. (*Id.*) Moreover, as to Plaintiff's assertions regarding the "stigmatizing consequences" of the sex-offender treatment, Defendants assert the treatment program is rehabilitative rather than punitive. (*Id.*) Finally, Defendants cite from portions of a study referred to by Plaintiff in his motion which indicate that participation in treatment is significantly associated with success on parole, and thus it "appears the injunction . . . would actually disserve [Plaintiff's] interests by lowering the statistical likelihood that he will be successful on parole." (*Id.*) Therefore, Defendants reason, participation in the sex offender treatment program would appear to help Plaintiff rather than harm him. (*Id.*)

The court agrees with Defendants that Plaintiff has not shown he will suffer irreparable harm if a preliminary injunction is not ordered. Plaintiff has several different avenues for locating a home and place to live. Plaintiff is in no different position than many other parolees who either have no family or are not welcome to live with family upon their release from incarceration. In addition, Plaintiff does not state what irreparable harm this situation will cause him. The court finds Defendants' statements that the sex offender treatment will help rather than harm Plaintiff a bit of a stretch; however, the court cannot see any provable irreparable harm that will meet the burden of establishing that his right to relief is clear and unequivocal.

13

Because the court has found Plaintiff cannot meet two of the four conditions required for

a preliminary injunction, it declines to address the remaining two requirements. The court

recommends that Plaintiff's Motion for Preliminary Injunction be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 20) be DENIED. The

court further

RECOMMENDS that "Plaintiff's Motion for Preliminary Injunction" (Doc. No. 33) be

DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge