IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-1176-DME-KMT

DARIS K. ZAVERTNIK,

    Plaintiff,

v.

T. MISEL, CHARLES OLIN, LARRY HOFFMAN,

    Defendants.

---

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

This matter comes before the court on the Magistrate Judge's report and recommendation that this court deny both Defendants' motion to dismiss and Plaintiff's motion for a preliminary injunction. Both sides have filed timely objections. Reviewing the report and recommendation de novo in light of those objections, see 28 U.S.C. § 636(b)(1)(C), the Court adopts the recommended disposition and denies both motions.

## I. Background

Plaintiff Daris Zavertnik alleges that Defendants—three Colorado Department of Corrections' ("DOC") employees—deprived him of a liberty interest without due process when they designated him a sex offender. Liberally construing his pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and accepting his well-pled allegations as true, see Anderson v. Merrill Lynch

1

Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008), Zavertnik alleges the following: He has never been convicted of a sex offense. Nevertheless, the DOC instituted administrative procedures to classify him as a sex offender based upon a Boulder County police report indicating he may have had sexual contact with his then girlfriend's six-year-old daughter. Zavertnik, however, was never charged with any criminal offense stemming from this reported incident.

After conducting an administrative hearing, Defendants determined that Zavertnik should be re-classified as a sex offender. Zavertnik alleges, however, that in conducting this hearing, Defendants deprived him of an opportunity to be heard because he is illiterate and, although he had requested that a staff member assist him, as the prison regulations permitted, see Administrative Regulation ("A.R.") 750-02(IV))B)(2)(b)(10), Defendants denied this request. Further, Defendants refused to read to him, in full, the police report on which the panel based its decision. Zavertnik asserts this due process claim under 42 U.S.C. § 1983, seeking declaratory and injunctive relief.

## II. Defendants' motion to dismiss

Defendants have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Zavertnik's claim, asserting that Heck v. Humphrey, 512 U.S. 477 (1994), and a line of Supreme Court cases applying Heck, preclude Zavertnik from pursuing his § 1983 claim until he gets his sex offender classification overturned via a state court or federal habeas action.

Heck precludes a § 1983 claim that "would *necessarily* imply the invalidity of [the plaintiff's] conviction or sentence" unless the plaintiff first gets that conviction or sentence overturned. 512 U.S. at 486-87. The Supreme Court has extended Heck to § 1983 claims challenging prison disciplinary proceedings, where the claim "necessarily" affects the duration of the plaintiff's sentence. See Muhammad v. Close, 540 U.S. 749, 754-55 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). This "ensure[s] that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). But "habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of a (not previously invalidated) conviction or sentence." Id. This line of case law, then, "indicate[s] that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

In this § 1983 action, Zavertnik challenges his sex offender classification. Defendants have not established that that designation, alone, would "necessarily" affect the duration of the mandatory parole term that Zavertnik is currently serving. Instead, Defendants contend that the sex offender

3

designation requires Zavertnik to comply with restrictions imposed on his term of parole that would not apply without the sex offender designation; for example, he must participate in sex offender treatment programs and abide by restrictions on his living arrangements. Defendants assert that, if Zavertnik fails to comply with these additional restrictions, then he may lose available earned time credits that would shorten the length of his mandatory parole. But that possibility is too attenuated for Heck and its progeny to preclude Zavertnik's § 1983 claim. Heck precludes only § 1983 cases that would "necessarily" affect the length of an inmate's sentence. See Close, 540 U.S. at 754-55; Edwards, 520 U.S. at 645-47.

In support of their motion to dismiss, Defendants rely upon an unpublished Tenth Circuit case, Fistell v. Neet, 125 Fed. Appx. 219 (10th Cir. 2005) (unpublished). But Fistell is distinguishable from this case. Like Zavertnik, Fistell brought a § 1983 due process claim challenging his sex offender designation. See Fistell, 125 Fed. Appx. at 221. Unlike Zavertnik, however, Fistell had lost earned time credits because he refused to comply with the requirements stemming from his sex offender classification. See id. at 222. The Tenth Circuit noted that "[i]t thus appears that a ruling in [Fistell's] favor may implicitly question the duration of his sentence." Id. at 225. For that reason, the Tenth Circuit directed the district court, on remand, to consider whether Fistell must successfully pursue his due process claim first in a federal habeas action. See id.

In this case, in contrast, there is no indication that Zavertnik has ever refused to comply with the parole conditions stemming from his sex offender designation, nor that he has ever lost possible earned time credits that would shorten his term of parole due to his refusal to comply with those conditions. Therefore, Zavertnik's § 1983 due process claim challenging his sex offender status will not necessarily impact the length of his mandatory parole term.

For this reason, the court DENIES Defendants' motion to dismiss.

**III. Plaintiff's motion for a preliminary injunction**

Zavertnik has moved for a preliminary injunction. To be entitled to such relief, he "must establish four factors: (1) [he] will suffer irreparable harm if an injunction is not granted, (2) [his] threatened injury outweighs the harm caused to the opposing party as a result of the injunction; (3) the injunction is not adverse to the public interest, and (4) [he] has a substantial likelihood of success on the merits." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004).

The court concludes that Zavertnik has alleged a claim on which he has a substantial likelihood of success. "The Fourteenth Amendment provides that citizens may not be deprived of life, liberty, or property without due process." Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004). And the Tenth Circuit has recognized that an inmate may have a liberty interest in not being designated a sex offender. See id. at 1216-17; Chambers v. Colo. Dep't of Corr., 205 F.3d 1237, 1242-43 (10th Cir. 2000). An inmate with such a liberty interest is entitled to the same procedural protections to which an inmate facing

5

prison disciplinary sanctions is entitled. See Gwinn, 354 F.3d at 1218-19. Those procedural protections are set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). See Gwinn, 354 F.3d at 1219. McDonnell indicates that, while an inmate will not be entitled to an attorney during a prison disciplinary hearing, "[w]here an illiterate inmate is involved, . . . he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." 418 U.S. at 570.

In light of that authority, Zavertnik has asserted a claim upon which he has a substantial likelihood of success. Here, the DOC's regulations permit Zavertnik to request a staff representative to assist him. See A.R. 750-02(IV))B)(2)(b)(10). He made such a request, asserting he could not read or write. Yet Defendants denied him a staff representative.

Despite the substantial likelihood of success on his claim, however, Zavertnik has not asserted a strong argument that he will suffer irreparable harm if he must await the regular course of this litigation. He complains that he will have to continue to attend sex offender treatment programs, which will do him no good because he is not a sex offender. But the fact that these treatment programs may not do him any good is a far cry from their causing irreparable harm. Further, he asserts that he will not be able to live with his family, whose home is located close to a school. But Zavertnik could opt for different living arrangements. He has not established that the fact that he has not been able to do so is the result of his sex offender status.
6

While Zavertnik has failed to make a compelling showing that he will suffer irreparable harm resulting from his sex offender status, Defendants assert they have no interest in Zavertnik's continued classification as a sex offender. Nevertheless, the public interest in this case weighs heavily in favor of denying Zavertnik a preliminary injunction. The restrictions placed on his living arrangements and the requirement that he attend sex offender treatment programs are intended to treat Zavertnik, prevent him from re-offending, and protect the public. These public interests would be better served if the restrictions stemming from his sex offender status remain in effect during the course of this litigation. The court's conclusion is further bolstered by the substance of Zavertnik's due process claim, which is that Defendants failed to conduct the administrative hearing in a proper manner not that the Boulder police report on which his sex offender designation is based is false. His remedy, should he prevail, would appear to be to have his sex offender status expunged from his records. But the DOC would then arguably be free to conduct a proper hearing on the same issue.

For all of these reasons, the Court denies Zavertnik's motion for a preliminary injunction.[1]

---

[1] In light of this conclusion, the Court need not address the Magistrate Judge's alternative basis for denying Zavertnik a preliminary injunction—that this court cannot grant Zavertnik the relief he seeks because the Parole Board is not a party to this litigation. The Court notes, however, that because Zavertnik has sued Defendants in their official capacity, the State is the real party in interest. See Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006). In light of that, this court would arguably have authority to enter an injunction that would bind
(continued...)

**IV. Conclusion**

The court adopts the magistrate judge's recommended disposition and DENIES both Defendants' motion to dismiss and Zavertnik's motion for a preliminary injunction.

Dated: July 15, 2008

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE

---

[1](...continued)
other state officers. See Am. Civil Liberties Union v. Johnson, 194 F.3d 1149, 1163 (10th Cir. 1999) (holding action against the governor and attorney general, in their official capacity, was an action against the state and, as such, the district court could issue injunction enjoining the state's district attorneys from enforcing the challenged statute).